IN THE OREGON TAX COURT
REGULAR DIVISION
Income Tax

NEAL H. BELL and VALERIE J. BELL,    )
    )
      Plaintiffs,    )  **TC 5089**
   v.    )
    )
DEPARTMENT OF REVENUE,    )
State of Oregon,    )
    )
      Defendant.    )  **OPINION**

This matter is before the court following a trial.

It is not entirely clear to the court what the claim of Plaintiffs (taxpayers) is. They stated that their only concern is whether the magistrate was correct in determining that she did not have jurisdiction to award them costs in the proceeding in the Magistrate Division, stating that if she had correctly ruled on the jurisdictional issue they would not have objected to her denial of costs based on application of the legal bases for an award of fees. If that is truly the position of taxpayers, there is no justiciable controversy before the court.

However, taxpayers also appear to argue that they are entitled to costs because of the actions of Defendant (department) before or during the proceeding in the Magistrate Division. The court will address that contention.

The record indicates that the return in question was not complete and did not contain required attachments. The notice of the department apprised taxpayers of their ability to seek a conference with the department regarding the notice. Taxpayers did not request a conference with the department. Having failed to do so, taxpayers were left with only a proceeding in this

court to address their correct tax liability. It is the filing fee for that proceeding that makes up the vast majority of the costs the taxpayers seek to recover. In the proceeding in the Magistrate Division taxpayers provided the department with the information missing from the original return and the matter was resolved. Taxpayers continued to request an award of costs, however and appeal with respect to the denial by the magistrate of any cost award to them.

Either the magistrate had statutory authority to award costs, under ORS 182.090 or ORS 305.490, or she did not. If she did, she correctly denied any award of costs. The court reaches this conclusion on the basis of its *de novo* consideration of the facts as presented to it. Alternatively, if the magistrate did not have statutory jurisdiction, this court, *de novo*, has such authority. However, in that case, the court also concludes that there is no basis in law for an award for the reason that the department had a reasonable basis in fact or law, or both for the actions it took in this matter.

This case appears to be one where there were shortcomings by taxpayers and communications by the department that were difficult for taxpayers to understand. The fact is, however, that taxpayers did not request a conference with the department to address the problems. That being the case, this is not a situation where costs related to what then became the necessity of an appeal to the Magistrate Division should be awarded. It is also true that taxpayers were not, as a practical matter, the prevailing party in the Magistrate Division proceeding. The matter was in effect settled after taxpayers provided the department with information that they had failed to provide earlier.

/ / /

/ / /

/ / /

Counsel for the department is directed to submit an appropriate form of judgment. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' request for court costs with respect to the proceeding in the Magistrate Division is denied.

Dated this ___ day of August, 2012.

_____
Henry C. Breithaupt
Judge

***THIS DOCUMENT WAS SIGNED BY JUDGE HENRY C. BREITHAUPT ON AUGUST 7, 2012, AND FILED THE SAME DAY.***